1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7   QOTD FILM INVESTMENT LTD.,                  )
                                                )
8                    Plaintiff,                 )   Case No. 2:16-cv-00928-APG-GWF
                                                )
9   vs.                                         )   **ORDER**
                                                )
10  DOES 1–30,                                  )
                                                )
11                                              )
                     Defendant.                 )
12  _____    )

13        This matter is before the Court on Plaintiff's Ex Parte Motion for Leave to Take Limited

14  Discovery Prior to Rule 26(f) Conference (#3), filed on April 24, 2016.  Because no Defendants have

15  been named or served, no opposition or reply briefs have been filed.

16                              **BACKGROUND**

17        On April 24, 2016, Plaintiff QOTD Film Investment LTD. (Plaintiff) filed a complaint against

18  John Does 1 through 30 (Defendants).  Plaintiff asserts that it is the registered owner of the copyright

19  for the motion picture entitled "Queen of the Desert" with copyright registration number PAu 3-766-

20  976. *Complaint (#1), pg. 3, ¶ 11.*  Plaintiff alleges a claim of copyright infringement, stating that

21  Defendants reproduced and distributed Plaintiff's copyrighted work through the use of BitTorrent, a

22  peer-to-peer file sharing system. *Id*. *at pgs. 8–9, ¶ 45–52.*  Plaintiff also asserts a claim for

23  contributory infringement, alleging that through the use of BitTorrent, all Defendants illegally

24  obtained the copyrighted work and assisted others in doing the same. *Id. at pgs. 9–10, ¶ 53–63.*

25        That same day, Plaintiff filed the instant Motion requesting leave to take early discovery to

26  ascertain the identities of the Doe Defendants from their Internet Service Providers ("ISPs") through

27  their Internet Protocol ("IP") address.  To obtain the IP addresses of the Defendants using BitTorrent,

28  Plaintiff hired forensic investigator, Maverickeye UG. *See Motion (#3-1), Decl. of Daniel Macek*

1  *("Macek Decl."), Ex. 1.* Since Plaintiff can only identify Defendants via their IP addresses, it seeks

2  leave to serve Rule 45 subpoenas on the ISPs and any related intermediary ISPs demanding the true

3  name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the

4  Defendant to whom the ISP issued an Internet Protocol ("IP") address. *Motion (#3), pg. 2, lns.*

5  *16–19.* Plaintiff asserts that it will only use this information to prosecute the claims made in its

6  Complaint. *Id. at pg. 2, lns. 20–21.*

7       Plaintiff claims that good cause exists to grant its request because: (1) it has properly pled

8  copyright infringement, (2) there is no other way to obtain the Defendants' true identities, (3) there is

9  a risk that the ISP will destroy its logs prior to the Rule 26(f) conference, (4) it has clearly identified

10  the information sought through discovery, (5) the information sought will advance Plaintiff's claims,

11  and (6) Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interest in

12  remaining anonymous. *Id. at pgs. 4–7.*

13                                      **LEGAL STANDARDS**

14  **I.      The Cable Privacy Act**

15       The Cable Privacy Act generally prohibits cable operators from disclosing personally

16  identifiable information regarding subscribers without the prior written or electronic consent of the

17  subscriber.  47 U.S.C. § 551(c)(1).  A cable operator, however, may disclose such information if the

18  disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice

19  of the order.  47 U.S.C. § 551(c)(2)(B).  A cable operator is defined as "any person or group of

20  persons (A) who provides cable service over a cable system and directly or through one or more

21  affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is

22  responsible for, through any arrangement, the management and operation of such a cable system." 47

23  U.S.C. § 522(5).  The ISPs that Plaintiff intends to subpoena in this case are cable operators within

24  the meaning of the Act.

25  **II.     Discovery Requests Prior to the Rule 26(f) Conference**

26       Generally, discovery is not permitted without a court order before the parties have held a

27  conference pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever,

28  in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the

1  complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the

2  defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D.Cal.1999) (citing

3  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)).  "The Ninth Circuit has held that when the

4  defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave

5  to take early discovery to determine the defendants' identities 'unless it is clear that discovery would

6  not uncover the identities, or that the complaint would be dismissed on other grounds.' " *808*

7  *Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 2012 U.S. Dist. LEXIS 62980, *7

8  (S.D.Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642).  "A district court's decision to grant

9  discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at

10  578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977)).

11  To determine whether to grant a request for early discovery, the court shall apply the conventional

12  "good cause" standard that weighs the need for discovery to further justice against the prejudice to the

13  opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.Cal.2002).

14      Courts in this district apply a three-factor test when considering motions for early discovery to

15  locate certain defendants. *Id.* at 578–80.  First, "the plaintiff should identify the missing party with

16  sufficient specificity such that the Court can determine that defendant is a real person or entity who

17  could be sued in federal court." *Id.* at 578.  Second, the plaintiff "should identify all previous steps

18  taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to

19  identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the

20  Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.*

21  (citing *Gillespie*, 629 F.2d at 642).  "[T]o prevent abuse of this extraordinary application of the

22  discovery process and to ensure that the plaintiff has standing to pursue an action against defendant,"

23  plaintiff must show that some act giving rise to liability actually occurred and that the discovery is

24  aimed at identifying the person who allegedly committed the act. *Id.* at 579–80 (citing *Plant v.*

25  *Various John Does*, 19 F.Supp.2d 1316, 1321 n. 2 (S.D.Fla.1998)).

26      Typically, District Courts within the Ninth Circuit have found good cause supporting a request

27  for early or expedited discovery in copyright infringement cases where the plaintiff alleges that its

28  copyrighted work has been infringed upon through a peer-to-peer file sharing system, and sought

1  early discovery to obtain the identities and addresses of the alleged infringers through their respective

2  ISPs.  *See, e.g., UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (granting leave to

3  serve Rule 45 subpoena to identify doe defendant);  *Malibu Media, LLC v. John Does 1-10*, 2012 WL

4  5382304 (C.D. Cal. June 27, 2012) (same).

5                                                  **DISCUSSION**

6  **I.       Good Cause Exists for Leave to Conduct Expedited Discovery**

7          Plaintiff has demonstrated good cause exists for leave to take limited early discovery by

8  successfully pleading the three factors discussed above.

9          **A.       Identification of Missing Parties with Sufficient Specificity**

10         Due to the nature of internet copyright infringement cases, Plaintiff is only required to identify

11 Defendants with sufficient specificity "to ensure that federal requirements of jurisdiction and

12 justiciability can be satisfied."  *Columbia Ins.*, 185 F.R.D. at 578.  "[A] plaintiff identifies Doe

13 defendants with sufficient specificity by providing the unique IP addresses assigned to an individual

14 defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to

15 trace the IP addresses to a physical point of origin."  *808 Holdings*, 2012 WL 1648838, at *4 (quoting

16 *OpenMind Solutions, Inc. v. Does 1-39*, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011)).

17         Here, Plaintiff submitted a chart (albeit to its Complaint) that listed the unique IP address

18 which corresponds to each individual Defendant and the ISP it is associated with.  *See Complaint (#1-

19 1)*; *see also Macek Decl. (#3-1)*.  The list also includes the dates and times of the alleged infringing

20 activity, as well as the city and state where each IP address is located.  *Id.*  Therefore, Plaintiff has

21 identified the Doe Defendants with sufficient specificity and has presented evidence that the IP

22 addresses are physically located in this district.  *See OpenMind Solutions*, 2011 WL 4715200

23 (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by

24 tracing the IP addresses to a point of origin within the State of California).

25         **B.       Previous Attempts to Locate Defendants**

26         Plaintiff is also required to describe what good faith attempts have been made to locate and

27 serve Defendants.  *See Columbia Ins.*, 185 F.R.D. at 579.  Plaintiff's motion explains that since this

28 alleged infringement occurred over the internet, its only attempt to identify Defendants has been

1   through hiring a forensic investigator to obtain Defendants' respective IP addresses.  *Motion (#3), pg.*

2   *2; Macek Decl. (#3-1).*  Plaintiff maintains that "there is no other way for the Plaintiff to obtain the

3   Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it."  *Id. at pg. 5,*

4   *lns. 16–17.*  Thus, Plaintiff argues that it has established good cause.  *Id.*  The Court agrees.  It

5   appears as though Plaintiff has utilized all available avenues in a good faith effort to identify and

6   locate Defendants.  Thus, this factor has been met.

7         **C.**        **Ability to Withstand a Motion to Dismiss**

8         The last prong requires Plaintiff to show "that an act giving rise to civil liability actually

9   occurred and that the discovery is aimed at revealing specific identifying features of the person or

10  entity who committed that act."  *Columbia Ins.*, 185 F.R.D. at 580.  In other words, Plaintiff must

11  demonstrate that its Complaint is able to withstand a motion to dismiss.  *Id.* at 579.

12        To prevail in a copyright infringement action, a plaintiff "must show: (1) ownership of a valid

13  copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the

14  Copyright Act."  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)

15  (2003);  *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000)).

16        Plaintiff's complaint establishes that Plaintiff is the registered owner of the copyright for the

17  motion picture entitled "Queen of the Desert" with copyright registration number PAu 3-766-976.

18  *See Complaint (#1), pg. 3, ¶ 11.*  Plaintiff also avers that Defendants illegally obtained Plaintiff's

19  copyrighted work through the use of the BitTorret protocol and thereafter illegally reproduced and

20  distributed it.  *Id*. *at pgs. 8–9, ¶ 45–52.*  Consequently, Plaintiff has alleged a prima facie case of

21  copyright infringement which may withstand a motion to dismiss.  In addition, while Plaintiff's

22  motion does not address the issue of personal jurisdiction, Plaintiff's Complaint presented evidence

23  that Defendants are located within this district thereby conferring personal jurisdiction on each of

24  them.  *Complaint (#1), pg. 2, ¶ 4.*  Furthermore, while Plaintiff's motion does not address the issue of

25  venue, its Complaint sufficiently alleges that venue is proper because although the true identities of

26  Defendants are unknown, each Defendant may be found within this district, and a substantial part of

27  the infringing events giving rise to Plaintiff's claims occurred in this district.  *Id.* at ¶ *5.*

28  . . .

**D.      Whether Requested Discovery Will Lead to Identifying Information**

While not a factor, the *Columbia Ins*. court also requires Plaintiff to demonstrate that the requested discovery will lead to identifying information about Defendants that would make service of process possible.  185 F.R.D. at 580. The Court finds that Plaintiff has adequately satisfied this inquiry.  Plaintiff's motion indicates that the only way to correlate the IP addresses that its investigator revealed is through the specific ISPs.  As such, a Rule 45 subpoena requiring the ISP to provide Plaintiff with the true name and address of the Defendant to whom the IP address belongs would lead to information that would be service of process possible.  Plaintiff also requests that the ISP provide it with the telephone number, e-mail address, and Media Access Control address that corresponds with each IP.  However, the Court finds that this information is unnecessary since the true name and address of each Doe Defendant should be sufficient for Plaintiff to effectuate service.

## CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff has met its burden of showing good cause.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference (#3) is **granted**, in part, as follows:

1.      Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Doe Defendants to whom the ISP assigned an IP address as set forth in Exhibit 1 to the Complaint. Plaintiff may not subpoena additional information.

2.      Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order.  The ISP shall, in turn, comply with 47 U.S.C. § 551(c)(2)(B), by sending a copy of this Order and the required notice to each Doe Defendant.

3.      Within 14 calendar days after service of the subpoena, the ISP shall notify each Doe Defendant that its identity has been subpoenaed by Plaintiff. The Defendant whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an

1    appropriate pleading with this Court contesting the subpoena.

2    4.    If the ISP wishes to move to quash the subpoena, it shall do so before the

3          return date of the subpoena.  The return date of the subpoena must allow for at

4          least forty-five (45) days from service to production.  If a motion to quash or

5          other challenge is brought, the ISP shall preserve the information sought by

6          Plaintiff in the subpoena pending resolution of such motion or challenge.

7    6.    Plaintiff may only use the information disclosed in response to a Rule 45

8          subpoena served on the ISP for the sole purpose of enforcing Plaintiff's rights

9          as set forth in its Complaint.

10   DATED this 5th day of May, 2016.

12   _____
     GEORGE FOLEY, JR.
13   United States Magistrate Judge